**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50021 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00472-JAK-1 |
| v. | |
| IAN BRADLEY GALLAHER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Ian Bradley Gallaher appeals from the district court's judgment and challenges the 2-month term of imprisonment and 12-month term of home detention imposed upon the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

As an initial matter, we do not decide whether Gallaher is correct that he received an above-Guidelines sentence because it does not affect the outcome.

Gallaher claims that the district court procedurally erred by (1) failing to adequately explain the terms of imprisonments and home detention, (2) relying on clearly erroneous facts regarding his participation in mental health treatment, and (3) improperly basing the sentence on the seriousness of his original offense and the need for treatment. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Even assuming the court's imposition of home detention was subject to enhanced procedural requirements, Gallaher has not shown that any alleged error in the court's explanation affected his substantial rights. *See United States v. Christensen*, 732 F.3d 1094, 1105-06 (9th Cir. 2013). The district court's remarks regarding Gallaher's participation in mental health treatment, moreover, were not clearly erroneous, *see id.* at 1103, and its references to Gallaher's criminal history were not improper, *see United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Finally, the record belies Gallaher's claim that the district court imposed the sentence in order to promote his rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

Gallaher lastly contends that the sentence is substantively unreasonable. In

2                                                                          23-50021

light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**